## Cirilo Eduardo MARTINEZ ORTIZ, Petitioner,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

Nos. 06–70579, 06–72802.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 7, 2007.

Cirilo Eduardo Martinez Ortiz, Bakersfield, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., Michelle E. Gorden Latour, Esq., P. Michael Truman, Esq., Jessica E. Sherman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions, Cirilo Eduardo Martinez Ortiz seeks review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order summarily affirming an immigration judge's order denying his application for cancellation of removal, and the BIA's order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review in No. 06–70579, and we dismiss the petition for review in No. 06–72802.

We lack jurisdiction to review the agency's discretionary determination that Martinez Ortiz failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Contrary to Martinez Ortiz's contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir. 2003).

The evidence Martinez Ortiz presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits). Our conclusion that we lack jurisdiction to review the BIA's determination that Martinez Ortiz did not make out a prima facie case of hardship forecloses his arguments that the BIA

came to an unreasoned decision and failed to consider and address the entirety of the evidence he submitted with the motion to reopen. *See Fernandez,* 439 F.3d at 603–04. Martinez Ortiz's contention that the BIA deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW IN 06–70579 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW IN 06–72802 DISMISSED.**